OPINION
Defendant-appellant Christopher D. Salois appeals the April 7, 1997 Judgment Entry of the Fairfield County Court of Common Pleas which denied his motion to seal the record in Case No. 95-CR-0039. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
Appellant was indicted on a charge of aggravated trafficking in drugs. Appellant filed a motion to suppress the evidence which was overruled by the trial court. Upon appeal, this Court reversed that decision. The Ohio Supreme Court refused jurisdiction of appellee's appeal of our previous decision. Thereafter, the indictment was dismissed.
On February 13, 1997, appellant moved to seal the record pertaining to the dismissed indictment pursuant to R.C. 2953.32. Appellee objected. The matter was scheduled for a hearing on March 31, 1997.
At the hearing, appellant and appellee stipulated that appellant met all eligibility requirements for the sealing of his record. The only issue remaining was whether the interest of appellee in maintaining the record out weighed the interest of appellant in having the record sealed. Via Judgment Entry filed April 7, 1997, the trial court overruled appellant's motion to seal the record. It is from that Judgement Entry appellant prosecutes this appeal assigning as error:
 THE DEFENDANT/APPELLANT WOULD CONTEND THAT THE TRIAL COURT ERRED IN OVERRULING HIS MOTION FOR THE SEALING OF HIS RECORD IN CASE NO. 95-CR-0039.
In that the trial court's decision depends upon a balancing of the competing interests, we find the appropriate standard of review is whether the trial court abused its discretion in overruling appellant's motion to seal the record. In order find an abuse of discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
When applying the aforementioned standard of review to the case sub judice, we cannot conclude the trial court abused its discretion in denying appellant's motion. Contrary to appellant's assertion at the hearing on his motion, the fact that the defendant was subjected to what was later determined to be an illegal search and seizure does not mean his subsequent arrest was illegal and does not necessarily mean the appropriate recourse is a sealing of the record of arrest. This is particularly true where, as here, the indictment was dismissed because of the suppression of evidence upon legal grounds which do not serve to factually negate appellant's possession of the illegal drug. As stated by the trial court:
 "and although the defendant prevailed on the suppression issue, the fact of the matter is that it appears that he did have some drugs on his possession." (Tr. at 14).
Having reviewed the trial court's explanation of its reasons for denying the motion as set forth in the transcript at pp. 13-15, we find no abuse of discretion by the trial court. Accordingly, we overrule this assignment of error.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA37
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to the appellant.